PROVOSTY, T.
Plaintiff and defendant entered into an agreement of sale embracing several tracts of land, and, in due course the sale was consummated, except as to some of the tracts, which turned out not to belong to plaintiff. With' reference to the latter tracts, a second agreement was entered into, reciting that the sale as to them had been postponed until plaintiff should perfect the title, and that defendant bound himself to accept title to them at the same price of $10.50 per acre “at any time within three years as titles are perfected to any part of said lands.” Upon this agreement, plaintiff now brings this suit to compel defendant to accept title to one of the tracts. The chief value of the land is in the timber standing upon it; and plaintiff has not acquired, and does not now tender, title to the timber. Defendant contends that he bought the land with, not without, the timber.
At the time this second agreement was entered into, the land and the timber belonged to different persons, and the parties knew that fact. Plaintiff argues that since the parties mentioned only the land in their agreement, although knowing of its having been separated in title from the timber, they must be understood to have intended to bargain for the land, only, without the timber. Defendant argues that, since the plaintiffs agreed broadly and without reservation to acquire and transfer a perfect title to the land, they must be understood to have undertaken to procure and transfer what is usually understood by a perfect title to land; that is to say, they must be understood to have undertaken to acquire and transfer the land free of incumbrances and not despoiled of any of those appurtenances which, in law and according to the ordinary understanding of men, form part of it, chief among which is the timber standing upon it. Civ. Code, art. 465. And that this is especially the case where, as in the present instance, the main, if not the only, value of the land depends upon the timber.
Defendant is clearly right. Indeed, if the case admitted of any doubt as to whether the land was being sold with or without its timber, that doubt would have to be resolved against plaintiffs, for:'
“The seller is bound to express himself clearly respecting the extent of his obligation. Any obscurity, or ambiguous clause, is construed against him.” Civ. Code, art. 2474.
The judgment dismissing plaintiff’s suit is affirmed.