LECHE, J.
Defendant signed a written instrument whereby he promised to sell to plaintiff certain property in the city of Shreveport. Under the terms of the contract plaintiff paid defendant $1,500 cash and went into possession of the property. It was agreed that the balance of the purchase price, $7,000, would be paid at the rate of $83.33 per month, and that, as soon as plaintiff had paid $2,000 of the purchase price, defendant would sign and execute in her favor a formal act of sale. Plaintiff, having, in accordance with her agreement, paid to defendant $2,-833.33, caused a notary public to draw up an act of sale, and presented it to defendant for his signature. Defendant refused to comply with her demand on the ground that the stipulations in the act presented to him did-not provide for interest on the deferred payments at 8 per cent, from date. Whereupon plaintiff filed the present suit in avoidance of the contract, and for the return of the *841 money which she had paid to defendant in her attempt to carry out the obligations which she had assumed under its terms.
The difference between the parties arises out of their diverse and contrary interpretations of the following clause in the promise of sale:
“Balance of seven thousand dollars to be paid at rate of one thousand dollars a year, with interest at rate of eight per cent, payments to be made monthly on or before the 9th of each month, commencing with the month of November, 1920, November rent having been paid the amount being $83.33.”
The clause fails to state whether the interest runs from date or from maturity. This omission might justify the construction adopted by defendant if the quoted clause had ended with the words “per cent.,” for it is obvious that a payment of $1,000 with interest means $1,000' together with the interest that has accrued upon that amount up to the time payment is due, and it is equally obvious that no interest could have accrued unless it began to run from date. But how is it possible to pay $1,000 a year with interest at 8 per cent, from date when, by the language following, payments are to be made monthly at the rate of $83.33 ? Twelve monthly payments of $83.33 amount exactly to $1,000, and cannot include interest, and there is no provision in the quoted clause for the separate payment of interest.
This language is, at best, ambiguous, and, under the provisions of article 2474, O. C., must be construed against the defendant, who is vendor. Mower v. Bichardson, 124 La. 130, 49 South. 1003.
There is another clause in the written promisé of sale by which defendant agrees not to take judicial proceedings against plaintiff until she has defaulted in three successive monthly payments, and which further permits her to pay such past-due installments with interest. If the monthly installments already bore interest from date, there was no necessity to insert this stipulation in regard to interest, and therefore it is reasonable to infer that interest was only contemplated to run from and after maturity. Construed under the cited article of the Civil Code, and considering the other cited stipulation in the contract, the quoted clause did not obligate plaintiff to pay 8 per cent, interest from the date of the instrument.
We believe that defendant was properly put in default; that plaintiff has the right to have the written promise of sale set aside, and to recover the moneys which she paid to defendant under the terms of the contract.
Defendant invokes the doctrine announced in Watson v. Feibel, 139 La. 383, 71 South. 585, to the effect that he is still in time to perform until final judgment pronouncing the dissolution of the contract. But in his answer he still refuses to perform in accordance with the terms of the contract. He is unwilling to convey unless plaintiff binds herself to pay interest from date, and therefore dissolution of the contract is the only alternative.
 Plaintiff also sues to recover taxes and insurance which she paid on the property. Defendant admits that plaintiff refunded to him taxes which are alleged to;amount to $40.50. This amount she is entitled to recover, but, as to the insurance premiums, there is nothing to show that she was compelled to insure the property or that she did so at the request of defendant, and she is therefore without right to call upon defendant to reimburse her such premiums.
We are therefore of the opinion that plaintiff is entitled to a dissolution of the contract in suit, evidencing a promise of salé, that she is also entitled to recover from defendant the sum of $2,833.33, as well as the taxes which she has paid on said property, together with legal interest on said sums from the various dates upon which she paid *844 same. We are further of the opinion that defendant is entitled to recover from plaintiff rent for the use of the property forming the subject of this litigation during the time she has occupied the same at the rate of $60 per month, conceded by the parties to be a fair rate of rent, with legal interest from the various monthly dates upon which such rent would have been due and exigible.
It is impossible to frame a concise, decree from the evidence in the record, as the precise amount or date of payment of the taxes paid by plaintiff is not proved, nor are the dates of the monthly payments made by her, shown. Nor is the time of occupancy of the property by plaintiff established. It will therefore be necessary to remand this case to enable the parties to supply the necessary proof.
Wherefore the judgment appealed from, which is in favor of defendant, is avoided and reversed, and it is now ordered that this cause be remanded to the district court for the parish of Caddo, there to be proceeded with according to law and the views herein expressed; costs to be paid by defendant and appellee.
DAWKINS, J., concurs in the decree.
Rehearing refused by Division A, composed of O’NIELL, C. J., and ROGERS and BRU-NOT, JJ.